T.C. Memo. 1997-206

UNITED STATES TAX COURT

JANE C. BARBER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12617-95.                    Filed May 5, 1997.

Jane C. Barber, pro se.

<u>James M. Guiry</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WELLS, <u>Judge</u>:  Respondent determined the following
deficiency in, and additions to, petitioner's 1992 Federal income
tax:

|  | Additions to Tax | |
| <u>Deficiency</u> | <u>Sec. 6651(a)</u> | <u>Sec. 6654(a)</u> |
| $14,504 | $3,626 | $631.77 |

By amendment to her answer, respondent asserted the following increased amounts of deficiency and additions to tax for that year:

| | Additions to Tax | |
| Deficiency | Sec. 6651(a) | Sec. 6654(a) |
| $28,015 | $5,185 | $786 |

For the year in issue, petitioner has stipulated the amounts of income, gain, deduction, loss, and credit properly reportable by her and concedes her liability for the addition to tax for failure to pay estimated tax.  Accordingly, the only issue remaining to be decided is whether petitioner is liable for  the addition to tax for failure to file timely provided by section 6651(a).[1]

### FINDINGS OF FACT

Certain facts and the exhibits have been stipulated for trial pursuant to Rule 91.  The parties' stipulations of fact are incorporated herein by reference and are found as facts in the instant case.  At the time the petition in the instant case was filed, petitioner resided in Queensbury, New York.

During 1992, petitioner was married to Robert Barber.  They had three sons.  At that time, Mr. Barber was the developer of a

---

[1]    Unless otherwise noted, all section references are to the Internal Revenue Code as in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

waste energy project and had contracts with certain counties. Allegations of fraud with respect to those contracts were made, and Mr. Barber was arrested on misdemeanor charges during early 1992. In connection with the investigation of those allegations, during August 1992, a search pursuant to a warrant was conducted of the offices of Mr. Barber, Mr. Barber's and petitioner's attorney, and their accountant. Records were taken by the district attorney who conducted the search, but petitioner did not receive an inventory of the items taken. Mr. Barber was arrested on felony charges during December 1992. Mr. Barber, however, was not incarcerated as a consequence of his arrests. Mr. Barber was tried twice, first during March 1993 on the misdemeanor charges and subsequently during March and April 1994 on the felony charges. Both trials resulted in acquittals.

Petitioner suffered emotional trauma as a result of Mr. Barber's arrests, his trials, and the attendant publicity; however, she continued to function normally in caring for her sons and household, doing what she felt she had to do. Moreover, petitioner was not hospitalized as a result of her trauma. During that time, Mr. Barber also tried to continue his business, which was adversely affected by the charges laid against him. Mr. Barber, and his company did not file for bankruptcy and the business subsequently recovered.

During 1993, Forms W-2 reporting information concerning wages earned during 1992 were received by petitioner, as well as

information reports of interest and pension and annuity income, which were turned over to petitioner's and Mr. Barber's accountant. Petitioner also had discussions with their accountant concerning the things she had to do. During 1993, however, petitioner put aside matters connected with the preparation of her 1992 return because of the problems facing Mr. Barber.

After the end of the second trial in April 1994, petitioner and Mr. Barber were able to begin reclaiming the documents that had been taken in the August 1992 search. Petitioner turned over to their accountant the records relating to their affairs. At least by late 1994, petitioner had obtained the documents necessary to prepare a 1992 Federal income tax return.

Neither petitioner nor Mr. Barber requested an extension of time to file a Federal income tax return for 1992. Petitioner did not timely file a Federal income tax return for her 1992 taxable year. On November 22, 1995, over 7 months after the issuance of the notice of deficiency in issue in the instant case, petitioner and Mr. Barber submitted to respondent a joint Federal income tax return for their 1992 taxable year. Among the items of income properly reportable by petitioner for her 1992 taxable year are: Wages of $59,484, pension and annuity income of $18,696, short-term capital gain of $57,012, and long-term capital gain from the sale of a building of $121,556.

## OPINION

The only issue remaining for decision is whether petitioner is liable for the addition to tax provided by section 6651(a) for failure to file timely. Petitioner concedes that she did not file timely a Federal income tax return for her 1992 taxable year. As petitioner did not obtain an extension of time for filing, that return was due on or before April 15, 1993. Sec. 6072(a).

Section 6651(a)(1) provides that, in the case of a failure to file a tax return on the date prescribed for filing (including any extension of time for filing), there shall be added to the tax required to be shown on the return an amount equal to 5 percent of that tax for each month or fraction thereof that the failure to file continues, not exceeding 25 percent in the aggregate. The addition to tax is mandatory unless it is shown that the failure to file is due to reasonable cause and not willful neglect. Sec. 6651(a)(1); Estate of Cavenaugh v. Commissioner, 100 T.C. 407, 426 (1993), affd. in part and revd. in part on other grounds 51 F.3d 597 (5th Cir. 1995).

Reasonable cause for delay is established where a taxpayer is unable to file despite the exercise of ordinary business care and prudence. Bassett v. Commissioner, 67 F.3d 29, 31 (2d Cir. 1995), affg. 100 T.C. 650 (1993); sec. 301.6651-1(c)(1), Proced. & Admin. Regs. "Willful neglect" has been defined as a

"conscious, intentional failure or reckless indifference."
United States v. Boyle, 469 U.S. 241, 245 (1985); see also
Educational Fund of Elec. Indus. v. United States, 426 F.2d 1053,
1058 (2d Cir. 1970).  Whether a failure to file timely is due to
reasonable cause and not willful neglect is a question of fact.[2]
United States v. Boyle, supra at 249 n.8; Mayer's Estate v.
Commissioner, 351 F.2d 617 (2d Cir. 1965), affg. 43 T.C. 403
(1964); Crocker v. Commissioner, 92 T.C. 899, 913 (1989).

Petitioner contends that her failure to file timely was due
to reasonable cause because of (1) the emotional trauma she
experienced as a result of the arrests of her husband, his
trials, and the attendant publicity, and (2) her belief that
records needed for the preparation of the return were unavailable
because they had been taken during the August 1992 search of the
offices of Mr. Barber and their accountant.  Mr. Barber also
suggested at trial that the return was not filed because they
could not afford to have necessary reports prepared.  Respondent
contends that petitioner was not incapacitated by that trauma,

---

[2]   As our decision in the instant case has been made without
resort to the burden of proof, but instead rests on the evidence
submitted, the location of the burden of proof is immaterial.
Kean v. Commissioner, 91 T.C. 575, 601 n.40 (1988).  Accordingly,
we do not need to explore the extent to which respondent bears
the burden of proof by reason of having amended her answer to
increase the amount of the addition to tax sought from
petitioner.  Rule 142(a); see Sanderling, Inc. v. Commissioner,
66 T.C. 743, 757-758 (1976), affd. in part and revd. in part on
other grounds 571 F.2d 174 (3d Cir. 1978).

that there was available to petitioner sufficient information to prepare a timely return but that petitioner made no effort to do so, and that financial difficulties do not excuse a failure to file timely.

It is well established that incapacity on the part of a taxpayer due to mental or physical illness is reasonable cause for failure to file timely. Williams v. Commissioner, 16 T.C. 893, 906 (1951); Brown v. United States, 630 F. Supp. 57, 60 (M.D. Tenn. 1985); see also United States v. Boyle, supra at 248 n.6. A mental or emotional disorder, however, does not excuse a failure to file timely unless it is shown that the disorder rendered the taxpayer incapable of exercising ordinary business care and prudence during the period that the failure to file continued. Estate of Scull v. Commissioner, T.C. Memo. 1994-211; Akins v. Commissioner, T.C. Memo. 1993-256, affd. without published opinion 35 F.3d 577 (11th Cir. 1994); Farley v. Commissioner, T.C. Memo. 1993-31. Moreover, a taxpayer's selective inability to meet his or her tax obligations when he or she can carry on normal activities does not excuse late filing or failure to file. See Estate of McClanahan v. Commissioner, 95 T.C. 98, 101-102 (1990); Tabbi v. Commissioner, T.C. Memo. 1995-463, and cases cited therein.

Although, in the instant case, petitioner experienced emotional trauma as a result of the arrests of her husband, the

ensuing trials, and attendant publicity, she was able to carry on normal activities, such as caring for her sons and maintaining her family's household, and to do the things she felt she had to do. Moreover, petitioner was not hospitalized as a result of her condition and presented no medical evidence documenting its seriousness, relying solely on the testimony of herself and her husband. Furthermore, during relevant times, petitioner provided tax information to, and discussed her obligations with, their accountant, which suggests that she was cognizant of her obligation to file and was capable of exercising ordinary business care and prudence. Although we are sympathetic to petitioner's plight, we conclude that the emotional trauma she suffered did not preclude her from conducting her affairs in a manner that would justify relief from the addition to tax provided by section 6651(a).

Petitioner did not file a return for her 1992 taxable year as soon as possible after the end of Mr. Barber's final trial but waited to submit such a return until November 22, 1995, approximately 19 months after the end of that trial and over 7 months after respondent issued a notice of deficiency to petitioner. We are persuaded that petitioner was not incapacitated during the period that her failure to file a return for her 1992 taxable year continued. Williams v. Commissioner, supra at 906.

With respect to petitioner's second contention, we note that, as a general matter, the unavailability of records is not reasonable cause for failure to file timely. Crocker v. Commissioner, supra at 913. A taxpayer is required to file timely based on the best information available and thereafter to file an amended return if necessary. Estate of Vriniotis v. Commissioner, 79 T.C. 298, 311 (1982). Petitioner admits that during 1993 she timely received Forms W-2 with respect to wages earned and information reports of interest and pension and annuity income received during 1992. The only records that she claims were not available at relevant times were those that had been taken during the August 1992 search of her husband's and their accountant's offices. Petitioner's general testimony as to the nature of the information contained in those records did not identify any such information that was essential to the preparation of her return. Furthermore, she did not make any effort either to gain access to those records for the purpose of preparing her return or to obtain the information contained in them from other sources. Petitioner was required to make reasonable estimates of amounts required to be shown on her return based on the information available to her. Electric & Neon, Inc. v. Commissioner, 56 T.C. 1324, 1343 (1971), affd. without published opinion 496 F.2d 876 (5th Cir. 1974). Petitioner did not apply for an extension of time to file her

return for 1992 so as to gain more time to assemble the information she claims to have needed in order to file.

Moreover, petitioner admitted that, by late 1994, she had obtained a sufficient number of the records to prepare a Federal income tax return for 1992. Accordingly, the delay in filing subsequent to late 1994 cannot be attributed to the unavailability of records.

Lastly, financial difficulties generally do not constitute reasonable cause for failure to file a return. Jones v. Commissioner, 25 T.C. 1100, 1106 (1956), revd. and remanded on other grounds 259 F.2d 300 (5th Cir. 1958); Sanders v. Commissioner, 21 T.C. 1012, 1019 (1954), affd. 225 F.2d 629 (10th Cir. 1955). Petitioner stipulated that, inter alia, wages of $59,484, pension and annuity income of $18,696, short-term capital gain of $57,012, and long-term capital gain from the sale of a building of $121,556 are properly reportable by her for her 1992 taxable year.

None of the circumstances on which petitioner relies justifies relief from the addition to tax provided by section 6651(a). Rather, it appears to us that petitioner simply put the filing of that return aside because of matters she considered more pressing and took no steps to prepare her return until respondent acted to address her failure to file. Indeed, petitioner indicated in her testimony that, although she

discussed her obligations with her accountant, she put matters connected with filing her tax return "on the back burner" and dealt with matters she considered more pressing. See <u>Educational Fund of Elec. Indus. v. United States</u>, 426 F.2d at 1058; <u>Throop v. Commissioner</u>, T.C. Memo. 1994-10.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.